# EXHIBIT A

Case 1:09-cv-00557-LY   Document 1-1   Filed 07/24/09   Page 1 of 13

**TRUE AND CORRECT COPY**

**ORIGINAL**

CAUSE NO. 09-1038

| | | |
|---|---|---|
| ADVENTIST HEALTH SYSTEM / | § | IN THE DISTRICT COURT OF |
| SUNBELT HEALTHCARE, INC. d/b/a | § | |
| CENTRAL TEXAS MEDICAL CENTER, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HAYS COUNTY, TEXAS |
| | § | |
| | § | |
| ASSURANT HEALTH d/b/a | § | |
| TIME INSURANCE COMPANY. | § | |
| *Defendant.* | § | 207 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Adventist Health System / Sunbelt Healthcare, Inc. d/b/a Central Texas Medical Center, Plaintiff, complaining of Assurant Health d/b/a Time Insurance Company, Defendant, and files this *Plaintiff's Original Petition*, and in support thereof would show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff requests that discovery in this cause of action be conducted under Level 2, TEX. R.CIV.P. 190.3.

### II.
### PARTIES

**FILED**

2.  Plaintiff, Adventist Health System / Sunbelt Healthcare, Inc. d/b/a Central Texas Medical Center (hereinafter referred to as "CTMC" or "Plaintiff), is a health care

DISTRICT CLERK
HAYS COUNTY, TEXAS

PLAINTIFF'S ORIGINAL PETITION    Page 1

TRUE AND CORRECT COPY

provider and hospital incorporated in the State of Texas with its principal place of business located in San Marcos, Hays County, Texas.

3.  Defendant, Assurant Health d/b/a Time Insurance Company, (hereinafter referred to as "Assurant" or "Defendant") is in the business of providing and/or administering medical and health insurance plans and is licensed to do business in the State of Texas. Defendant may be served with process by serving its registered agent for service, Corporation Service Company at 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

## III.
## JURISDICTION AND VENUE

4.  This case is within the subject matter jurisdiction of this Court and venue is proper in Lampasas County pursuant to TEX.CIV.PRAC.&REM.CODE, §§ 15.001 & § 15.002.

## IV.
## FACTUAL BACKGROUND

5.  At all times relevant hereto, CTMC is a health care provider and hospital, which is located in San Marcos, Hays County, Texas. Assurant is in the business of providing, issuing and/or administering medical and health care coverage to groups and/or individuals, including insured individuals that reside in San Marcos, Texas and throughout Texas. This lawsuit concerns medical services provided to a patient that was purported to have health insurance coverage through a health plan issued or administered by Assurant. For the purpose of the patient's privacy rights, the name and identification number is not included in this pleading. Plaintiff will identify the patient's services by

TRUE AND CORRECT COPY

claim and policy number, and sufficient information has previously been provided to Defendant, such that Assurant is duly notified herein of the claim made the basis of the suit. After service of process, additional patient information will be provided to the Defendant, if necessary.

6. For the medical claim made the basis of this lawsuit, the patient was admitted to CTMC on December 22, 2006, and was discharged on December 23, 2006. The total amount of the hospital bill for the treatment provided to the patient was $19,397.48. Assurant's Policy Number for this patient is 58656987 and Assurant's Claim Number for the admission is 285990288. Prior to admission, the patient presented an insurance card showing that she had medical health coverage under an Assurant plan or a plan administered by Assurant. Defendant affirmatively represented to the Plaintiff that coverage and benefits were available and adequate for the medical services to be provided, and the services were precertified and authorized by Defendant. In reliance and based upon these representations of available and adequate insurance coverage, Plaintiff provided valuable medical services with the certain expectation of payment.

7. After the discharge of the patient, Plaintiff submitted the claim to Assurant for payment. Indeed, Assurant remitted the required payment on or about January 23, 2007, in the amount of $15,517.98. However, months after the admission and payment, and contrary to its prior affirmative representations of available coverage, Assurant recouped the prior claim payment based on an alleged retroactive exception rider. Assurant specifically claims that on March 8, 2007 the patient signed an "amendment of coverage," thus reforming her coverage as of the effective date.

TRUE AND CORRECT COPY

8. Whether the basis for recoupment of the payment is accurate or not has no legal bearing on Assurant's obligation to pay the claim based on its representations that benefits were available. Only Assurant was in the position to provide accurate information to the Hospital regarding the insured patient's coverage. This is exactly why CTMC and like providers contact health plans or their agents at admission to insure that the services are covered and will be paid. Plaintiff in the instant case relied on the representations of insurance coverage and has been damaged as a result of Assurant indeed representing the services were covered, paying the claim, to only then recoup the prior payment months after the fact. Additionally, Defendant has recouped the monies through improper offset by failing to pay other valid and covered claims for medical services provided to completely different patients.

9. At all times relevant hereto, Plaintiff and Defendant were also parties to a negotiated network preferred provider agreement, whereby Plaintiff agreed to treat insured lives of Assurant or plans administered by Assurant, and Assurant agreed to pay for those medical services in accordance with the terms of the agreements. Thus, these claims are governed by the statutory obligations and requirements set forth in the Texas Insurance Code that govern claim processing, adjudication and payment. In addition to its breach of its common law duties to the Plaintiff, the Defendant's acts and omissions described above are governed by the statutory provisions and requirements of the Texas Insurance Code.

TRUE AND CORRECT COPY

# V.
## CAUSES OF ACTION

1. **Violations of the Texas Insurance Code Through decepetive and unfair Trade Practices**

    10.   Plaintiff alleges and incorporates herein by reference paragraphs 5 through 9 above.

    11.   Plaintiff would show it is the accepted business practice in the hospital industry to contact insurers or their administrators in order to verify coverage for patients that are being admitted for medical services.

    12.   Since coverage and benefit information is entirely within the exclusive control of the insurer or its administrator, a hospital must rely on representations of coverage by an insurance carrier or its agents or administrator, when deciding to admit and provide costly medical services to a patient. The insurance carrier and/or the administrator know a hospital will rely on assertions and representations of coverage, and are under a duty to reasonably investigate and provide accurate coverage information.

    13.   Assurant represented to CTMC that insurance benefits were available for the medical treatment provided to the patient for the medical services and claim made the basis of this lawsuit. The Plaintiff provided the necessary medical treatment to the patient in reliance on the assertion and representation of available insurance coverage by Defendant. Plaintiff and other hospitals have no way to determine the existence of insurance coverage and benefits under an insurance policy, except through the plan and/or its administrators, which is precisely why a hospital contacts a plan or its agents, as was done in this case. Indeed, Assurant paid the medical claim in the amount of

$15,517.98. However, and although coverage for the medical services were verified for the patient, Assurant then illegally recouped that prior payment for the services after "reforming" the patient's coverage months after services were provided and issuing an exception rider retroactively as an alleged basis for the recoupment.

14. Plaintiff has been damaged as a result of Assurant's misrepresentation of coverage and subsequent and improper recoupment of the prior payment, as the treatment was provided in reliance on said representations of insurance coverage.

15. Assurant's misrepresentations, acts and omissions and recoupment have caused Plaintiff actual damages to date in the amount of $15,517.98 for the medical services provided to the patient. Likewise, as a result of the above described acts and omissions, the Defendant has effectively waived any rights to discounted reimbursement, and the Plaintiff seeks payment of its full-billed charges as a result. The total charges for the medical services provided were $19,397.48. Thus, the total economic and actual damages suffered by Plaintiff are $19,397.48. In addition, since this conduct was committed knowingly by Defendant, the Plaintiff is entitled to three times the actual damages, or $58,192.44, pursuant to the Texas Insurance Code, Chapter 541.152.

2. **Violations of the Texas Insurance Code**

16. Plaintiff alleges and incorporates herein by reference paragraphs 5 through 15 above.

17. At all times relevant hereto, Assurant was a contracted payer pursuant to a negotiated network agreement with the Plaintiff as a participating provider. As a result, Defendant's conduct and omissions in regards to the Defendant's adjudication and

TRUE AND CORRECT COPY

handling of these claims, as specifically described above, are governed by and in express violation the Texas Insurance Code, Sections 1301.101 *et. seq.* and/or Section 843.346 *et. seq.*, as a matter of law. These sections of the Texas Insurance Code, which govern PPO and HMO plans, set forth the statutory requirements regarding the prompt payment, processing and adjudication of medical claims. These statutory provisions also require that insurers provide accurate coverage information to medical providers, such that if an insurer or its agent verifies benefits for medical care, payment may not be denied. Likewise, the Texas Insurance Code provides that once benefits are verified, an insurer must remit payment within forty-five days from the receipt of the claim. If the insurer determines that the claim is not payable, the insurer must notify the hospital in writing of the exact reason for the denial within 45 days. In the instant cases, the Defendant verified the available coverage of the patient and authorized the medical treatment. Thus, Assurant is liable for the payment of the medical services. Defendant's own negligence in providing misinformation and subsequent retroactive amendment of the relevant health plan does not otherwise excuse its legal obligation to pay Plaintiff or permit Assurant to recoup the prior payment months after the fact.

18.    Assurant verified available benefits and coverage at admission, and Defendant actually paid the claim for the hospital admission as agreed. Months after the fact that Assurant notified the Hospital that the policy was issued with a retroactive exception rider such that the services provided were not covered, and the plan was amended to exclude the claim after the services were already provided. Defendant additionally recouped the prior payment in the manner described above. As a result of

TRUE AND CORRECT COPY

Defendant's misrepresentation and its subsequent improper recoupment of the prior payment, Assurant is liable for payment of the hospital's usual and customary charges for the medical services provided to the patient. Thus, the Defendant is required and the Plaintiff seeks payment of 100% of the hospital's billed charges for the medical services, interest and penalties as provided for under the Insurance Code, and attorneys' fees as set forth therein in an amount to be determined by the trier of fact.

19. At all times relevant hereto, Defendant was either the actual health insurance plan or acting as the actual agent or ostensible agent of the health plan insuring the patients. Therefore, Assurant is liable for the misrepresentations described above. Further, Defendant is liable pursuant to the Texas Insurance Code, which provides the applicable subchapters govern the plan and entities that contract with an insurer to process claims and issue verifications.

3. **Negligence and Negligent Misrepresentations**

20. Plaintiff incorporates herein by reference paragraphs 5 through 19 above.

21. Plaintiff would show it is the accepted business practice in the hospital industry to contact insurers or their administrators and verify coverage for patients being admitted.

22. Since coverage and the investigation of coverage and benefit information is within the exclusive control of the insurer or its administrator, a hospital must rely on representations of coverage by an insurance carrier or its agents or administrators when deciding to admit a patient. Insurance carriers and/or the administrators of plans know a hospital will rely on assertions of coverage; and insurance carriers and administrators are

TRUE AND CORRECT COPY

under a statutory and common law duty to reasonably investigate coverage and provide hospital with accurate information.

23.  In this case, the Plaintiff contacted Defendant and Defendant verified benefits and authorized the medical treatment provided to the patient in December of 2006. Plaintiff relied on these misrepresentations in admitting and providing medical services, and Defendant actually paid the claim initially, to only arbitrarily recoup the prior payment the following year based on a retroactive change in plan coverage after the services were already provided. Furthermore, Defendant has recouped the monies by offsetting the payment against other valid claims for medical services that were provided to another patient(s), all claims for which the Defendant had an independent and affirmative duty to pay the Hospital.

24.  Defendant knew or should have known if there was available coverage upon admission. Only Defendant was in the position to know if coverage was available. Regardless and by virtue of its own negligence, Defendant obviously did not discover its own errors and omissions until after the patient was treated.

25.  Thus, Defendant breached its duty to the Hospital to provide accurate information. Defendant further breached its statutory and common law duties by then recouping the prior payment that was made by sole virtue of Assurant's own negligence in verifying benefits and paying the claim, and then, by offsetting its own omissions by withholding payments against other legitimate claims for a different patient(s) and recouping the remainder. As a direct and proximate cause, CTMC has been damaged in

TRUE AND CORRECT COPY

the aggregate amount of $19,397.48. Plaintiff also seeks exemplary damages as a result of the acts and omissions complained of herein and to be determined by the trier of fact.

**4.     Fraud and Fraud by Nondisclosure**

26.     Plaintiff alleges and incorporates herein by reference paragraphs 5 through 25 above.

27.     As set forth above, the Defendant was aware that the Plaintiff would rely on the representations made to the Hospital regarding the insurance coverage of the admitted patient. Defendant represented benefits were available for the admission. The representations of coverage were false and material, and the Defendant either knew the representations to be false or made the representations recklessly as a positive assertion without the knowledge of its truth. The representations were made with the intent that the Plaintiff act on the same, and indeed the Plaintiff did rely on the representations of insurance coverage in providing the medical services and expected payment from Defendant as a result. Indeed, Defendant paid the claim as required in the amount of $15,517.98. However, after representing available coverage was adequate and paying the claim, the Defendant fraudulently has recouped the payment made months prior. Assurant additionally "recouped" the prior payment by offset for medical services provided to another patient(s) that were due and owed to the Hospital. Assurant justified the recoupment by retroactively limiting the patient's coverage after verifying benefits and after the services were already provided. As a result, the Plaintiff has been harmed by the misrepresentations of coverage and subsequent recoupment of monies made on the alleged basis that the patient's coverage allegedly terminated prior to the admission to the

TRUE AND CORRECT COPY

Hospital. Plaintiff would further show that the Defendant failed to disclose material facts to the Plaintiff regarding the patients' insurance coverage, the Defendant had a duty to disclose those facts, and the facts were material. In this case, the Defendant failed to disclose relevant information regarding the patient's coverage, retroactively limited coverage to nullify prior affirmative representations of coverage, and recouped the prior payment. The Defendant knew that the Plaintiff had no opportunity to discover the facts regarding any alleged limitations as to the insured patients' coverage, since only the plan is in the position to make that determination. This is the very reason that the Hospital contacted the plan and/or its agent at admission. CTMC relied on the Defendant's non-disclosure in admitting the patient and providing valuable services. The Hospital has been injured as a result of acting without the knowledge of the non-disclosed acts and information. Thus, Plaintiff seeks actual damages in the amount of $19,397.48.

31. Further and as a result of the conduct and omissions described above, the Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and after a trial on the merits, the Court enter judgment against the Defendant as follows:

1. Judgment in the amount of $19,397.48 representing the actual damages and economic loss caused by the Defendant to date;

2. Judgment for three times the amount of actual damages as allowed by Chapter 541.152 of the Texas Insurance Code in the amount of $58,192.44;

TRUE AND CORRECT COPY

3. All penalties and interest provided for under the Texas Insurance Code;

4. Exemplary damages to be determined by the trier of fact;

5. Pre-judgment and post-judgment interest as allowed under the law;

6. Attorneys' fees to be determined by the trier of fact and costs of court; and

7. Such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

LAW OFFICES OF P. MATTHEW O'NEIL
6514 McNeil Drive
Bldg. 2, Suite 201
Austin, TX 78729
(512) 473-2002
(512) 473-2034 facsimile

BY: _____
Paul Matthew O'Neil
State Bar No. 00795955

ATTORNEY FOR PLAINTIFF,
ADVENTIST HEALTH SYSTEM /
SUNBELT HEALTHCARE, INC. d/b/a
CENTRAL TEXAS MEDICAL CENTER

I, CECELIA ADAIR, District Clerk of Hays County, Texas, hereby certify that the foregoing consisting of 12 pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's Office of Hays County, Texas this 23 day of July, 2009.
Cecelia Adair, District Clerk
By: _____
Deputy